**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2249
_____

RANDALL WINSLOW,
                                        Appellant

v.

EXTRA STORAGE SPACE; LOGAN HARMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-04930)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 10, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed:  April 24, 2026)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Randall Winslow appeals pro se from the District Court's decision granting summary judgment against him in this civil action stemming from his rental of storage units. For the reasons that follow, we will affirm that judgment.

I.

For many years, Winslow rented, pursuant to a written agreement, two storage units at an Extra Space Storage ("ESS") facility in Malvern, Pennsylvania, to store "valuable family heirlooms, antiques, and documents." Dist. Ct. Op. entered June 5, 2025, at 3 [hereinafter Dist. Ct. Op.] (quoting defendants' statement of material undisputed facts).[1] In February 2022, he visited the units and found his property damaged — damage that, according to him, resulted from large temperature fluctuations at the facility.[2] In December 2023, Winslow sued ESS and the district manager of the Malvern facility (Logan Harmon) in the District Court, raising claims for negligence, breach of contract, unfair trade practices, fraud, fraud by deception, and negligent misrepresentation. After discovery, the defendants jointly moved the District Court for summary judgment, and Winslow opposed that motion. On June 5, 2025, the District Court granted the defendants' motion for summary judgment. This timely appeal followed.

---

[1] The record references both "Extra Space Storage, Inc." (mistakenly pleaded by Winslow as "Extra Storage Space") and "Extra Space Management, Inc." We need not decide which of these entities was the proper defendant to resolve this appeal.
[2] Winslow had not obtained insurance coverage for that personal property.

II.

Winslow brought this case pursuant to the diversity-jurisdiction statute, 28 U.S.C. § 1332(a), and the District Court predicated its jurisdiction on that basis. "In order to meet the strictures of the diversity statute, complete diversity is required, meaning that at the time the complaint is filed, no party can be a citizen of the same state as any opposing party." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).[3] "The burden of demonstrating that a case falls within the jurisdiction of the federal court rests upon the party asserting jurisdiction." *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670-71 (3d Cir. 2018).

Winslow's pleadings in the District Court did not establish that there is complete diversity of citizenship in this case. Furthermore, although "[d]efective allegations of jurisdiction may be amended, upon terms, in the . . . appellate courts," 28 U.S.C. § 1653, the allegations of jurisdiction that Winslow has made on appeal also fail to establish complete diversity of citizenship. Indeed, while his allegations on appeal show that he and ESS are diverse, those allegations do not show diversity between himself and Harmon. However, it does not follow that we must dismiss this appeal for lack of jurisdiction. Pursuant to Federal Rule of Civil Procedure 21, we may dismiss a dispensable, diversity-destroying party from the case and proceed with the appeal as to

---

[3] Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount-in-controversy requirement is met in this case.

3

the diverse parties. *See Zambelli v. Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010). A party is *in*dispensable if he or she has "an interest [in the controversy] of such a nature that a final decree cannot be made without either affecting that interest[] or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir. 1987)). All parties here agree (and so do we) that Harmon is dispensable.[4] Accordingly, we dismiss Harmon from this appeal, and we will proceed to the merits of Winslow's challenge to the District Court's decision to grant summary judgment in favor of ESS.[5]

III.

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

---

[4] As the District Court noted, Winslow "does not make allegations against Defendant Harmon in his personal capacity." Dist. Ct. Op. 4. And Winslow concedes that "[t]he core allegations in this case concern [ESS's] representations and conduct." Winslow's Suppl. Br. 2.

[5] We have jurisdiction over this challenge pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017).

Winslow raised several causes of action against ESS, and the District Court concluded that ESS was entitled to summary judgment on each of them. Regarding Winslow's negligence claim, the District Court concluded that this claim was barred by (1) an exculpatory clause in the rental agreement, and (2) the one-year limitations period set forth in that agreement. *See* Dist. Ct. Op. 5-11.[6] As for Winslow's breach-of-contract claim, the District Court determined that this claim, too, was barred by the rental agreement's one-year limitations period, and that this claim also failed because "no reasonable juror could find that the [rental agreement] was breached by [ESS's] alleged failure to provide climate control." *Id.* at 11.[7] And regarding Winslow's claims for unfair trade practices, fraud, fraud by deception, and negligent misrepresentation, the

---

[6] The exculpatory clause states, in pertinent part, that

> Operator . . . shall not be liable to Customer for any damage or loss . . . to any property stored in the Space, arising from any cause whatsoever, . . . except for damage or loss resulting from Operator's fraud, gross negligence or willful violation of law. Customer shall indemnify and hold Operator . . . harmless from any and all damage, loss, or expense arising out of or in connection with any damage to any . . . property, occurring in the Space, . . . arising in any way out of Customer's use of the Facility, even if such damage or loss is caused entirely or in part by the negligence of Operator . . . .

Supp. App. at A79b. The District Court rejected Winslow's arguments that this clause amounts to an unconscionable adhesion contract or is otherwise unenforceable. *See* Dist. Ct. Op. 5-9.

[7] As the District Court highlighted, the rental agreement "clearly states that Extra Space does 'not provide constant internal temperature or humidity control,' 'does not warrant or guarantee temperature or humidity ranges in the Space,' and gives 'NO OTHER WARRANTIES' not stated in the contract." Dist. Ct. Op. 11 (quoting the rental agreement).

District Court explained that "no reasonable juror could find that [Winslow] reasonably relied on any statement by [ESS], as the [rental agreement] states explicitly that Extra Space did not guarantee temperature or humidity ranges." *Id.* at 12.

We see no reason to disturb the District Court's decision. For substantially the reasons set forth in the District Court's thorough and cogent opinion, we will affirm its judgment.[8]

---

[8] Winslow's "Motion to Supplement the Record on Appeal," which appears to seek to expand the record with evidence that post-dates the District Court's grant of summary judgment, is denied because he has not demonstrated that this case presents exceptional circumstances warranting expansion. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 435-36 (3d Cir. 2013).